■ TIMES SQUARE ASSOCIATES, Appellant, v. PHILIP LEVINE et al., Respondents.— Order, Supreme Court, New York County, entered on March 7, 1972, unanimously reversed, on the law, and the motion for summary judgment is granted in favor of plaintiff, to the extent of remanding with a direction that there be an assessment of damages in order to determine with mathematical certainty the exact sum due plaintiff in accordance with the provisions of the lease between the parties. This direction is in order because the defendants' defense of accord and satisfaction is transparently a sham, and since the plaintiff's entitlement to a sum of money is clear; the only remaining dispute is how much. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Concur — McGivern, J.-P., Markewich, Kupferman, Steuer and Macken, JJ.

■ PHILIP LIEBERMAN, Respondent, v. WASHINGTON SQUARE HOTEL CORP. et al., Appellants-Respondents, and C. S. F. CORP. et al., Appellants, et al., Defendant.— Judgment, Supreme Court, New York County (BISSELL, J.), entered on May 25, 1971, against C. S. F. Corp. and Emil Tannenbaum individually and doing business as Broadway Central Hotel Caterers, unanimously modified, on the law and the facts, to dismiss the complaint and sever the action as to appellants C. S. F. Corp. and Emil Tannenbaum, etc., with one bill of $60 costs and disbursements to said appellants against plaintiff-respondent; and otherwise the judgment is affirmed, with one bill of $60 costs and disbursements to plaintiff-respondent against defendants-appellants Washington Square Hotel Corp. and 673 Village Corp. While the owner and lessee of the hotel are liable for the dangerous condition of the elevator and the matter of the plaintiff's contributory negligence was a jury question resolved in his favor (*Wartels* v. *County Asphalt*, 29 N Y 2d 372) the caterers, tenants of the second floor of the premises, owed no duty to keep the elevator in repair and knew no more about the hazard than plaintiff himself did. There being no viable claim by plaintiff against the caterers, there is no consideration needed for apportionment under *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). The Trial Judge charged the jury that "the most that you could find under any circumstances in this case would be two hundred thousand dollars. I don't mean you're going to find in that amount or in any amount. * * * So when I give you this figure * * * it is the most, under any circumstances, [that] could be found because anything more would be grossly excessive." The figure used was not the *ad damnum* figure in the complaint, but rather the court's evaluation of what the maximum should or could be.. Defendants-appellants contend that this was error because it set a target for a verdict that would be a substantial portion of the "outside" figure. In this case, where the jury verdict of $150,000 was within their province, this part of the charge was harmless error, but to be avoided. Concur — McGivern, J. P., Markewich, Kupferman, Steuer and Macken, JJ.