■ ALBERT HARRIS, Appellant, v TRIANGLE AVIATION SERVICES, INC., et al., Respondents.

Plaintiff submitted deposition testimony, elicited in May 1979 in an unrelated proceeding, in which the deponent identified himself as vice-president of Triangle Aviation Services, Inc. This testimony flatly contradicted defendants' contentions that Triangle Aviation Services, Inc., existed no earlier than 1981 or 1982 and then only as a successor to Triangle Ramp Service Co., Inc., plaintiff's employer. Moreover, the sworn deposition testimony raised a question as to whether Triangle Aviation Services, Inc., supervised and trained ground service personnel and directed ground service maintenance at John F. Kennedy International Airport in 1979. The fact that the testimony was elicited in another lawsuit does not preclude its consideration in this action.

Plaintiff has failed, however, to raise a triable issue of fact as to the involvement of the defendants Triangle Maintenance Corp., Triangle Maintenance Service, Inc., and L.M.F. Leasing Corp. The fact that a sign on the alleged accident vehicle bore the legend "Triangle Maintenance Services" will not operate to estop defendants Triangle Maintenance Service, Inc., and Triangle Maintenance Corp. from denying ownership thereof. An equitable estoppel " 'rests upon the word or deed of one party

upon which another rightfully relies and so relying changes his position to his injury' " (*Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 448, quoting *Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285, 292). Plaintiff's alleged injury was obviously not caused by any reliance upon the logo.

Finally, Special Term was correct in denying leave to enter a default judgment against Facility Maintenance Service Corp. The delay involved, less than a month, was neither intentional nor serious enough to cause any prejudice to plaintiff's prosecution of his lawsuit (CPLR 2005). O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.