■ ANTONIO L. BALLESTAS, as Administrator of Estate of CARMEN BALLESTAS, Deceased, Respondent, v CITY OF NEW YORK et al., Respondents, and DIAMOND INTERNATIONAL CORP.,

Appellant. VAN DORN REALTY CORP. et al., Third-Party Plaintiffs, v RAISLER CORP. et al., Third-Party Defendants. CITY OF NEW YORK, Fourth-Party Plaintiff, v RAISLER CORP. et al., Fourth-Party Defendants.—Order of the Supreme Court, New York County (Marks, J.), entered on July 17, 1984, which denied the motion of defendant Diamond International Corporation (Diamond) for summary judgment dismissing the complaint and all cross claims against it, reversed, to the extent appealed from, on the law, and the motion for summary judgment is granted, with costs, and the complaint and all cross claims against Diamond are dismissed.

Plaintiff's decedent Carmen Ballestas, employed as a cleaning woman in the Diamond International Building in Manhattan, was scalded to death when a steam pipe in the basement of that building burst. The plaintiff brought a wrongful death action naming Diamond, among others, as a defendant. Diamond is a tenant in the building which bears its name. It leases the fifth through ninth floors and sublets its portion of the ninth floor.

The only connection between Diamond and the decedent is that the former is merely a tenant in the building in which the latter was a cleaning woman. Diamond owed no duty to maintain the basement steam pipes in repair and did not have any knowledge superior to that of the decedent regarding the hazardous condition. *(See, Lieberman v Washington Sq. Hotel Corp.,* 40 AD2d 647.) Additionally, there is nothing to indicate that the decedent's death was caused by her reliance on the particular name of the building. *(See, Harris v Triangle Aviation Servs.,* 110 AD2d 882, 883-884.)

The respondent in the instant appeal is the landlord of the Diamond International Building. The plaintiff did not oppose Diamond's motion for summary judgment. Respondent, to substantiate its cross claim, has failed to present facts sufficient to warrant a trial to determine the status of Diamond as it relates to control of the building. The causes of action and cross claims as against Diamond are without merit and are therefore dismissed. (CPLR 3212 [b].) Concur—Kupferman, J. P., Sullivan, Carro, Lynch and Milonas, JJ.