■ JOHN BONGHI et al., Respondents, v FIRSTCENT SHOPPING CENTER, INC., et al., Respondents, and MODELL'S SHOPPERS WORLD, INC., Appellant.—Order of the Supreme Court, New York County (Elliot Wilk, J.), entered on August 31, 1984, which denied the motion by defendant Modell's Shoppers World, Inc., for summary judgment dismissing the complaint, is unanimously reversed, on the law and the facts, and the motion for summary judgment dismissing the complaint as against defendant Modell's is granted, without costs or disbursements.

This is an action for personal injuries allegedly sustained by plaintiff John Bonghi as a result of a motor vehicle accident

which occurred in a parking lot of a shopping center in Centereach, Long Island, New York. The automobile owned and operated by John Bonghi apparently came into contact with the automobile owned and operated by defendant Louise Trebing. However, the complaint, in addition to containing the usual claims of negligence against Trebing, the other driver, asserted that defendants Firstcent Shopping Center and Modell's Shoppers World, Inc., were negligent in the ownership, leasing, operation, maintenance and control of their property, the parking lot, by keeping it in a defective, improper, broken and dangerous condition. In that connection, specific reference is made in the complaint and the ensuing bill of particulars to a purportedly defective stop sign. Defendant Modell's thereafter served a verified amended answer which denied any knowledge or information concerning the material allegations of the complaint, asserted various affirmative defenses and cross-claimed against defendant Firstcent for indemnification and/or contribution in the event that Modell's was to be found liable. Modell's then moved pursuant to CPLR 3212 for summary judgment dismissing the complaint against it.

In separate affidavits submitted by counsel for Modell's and by Michael S. Modell, its vice-president and corporate counsel, defendant contended that the retail store known as Modell's Shoppers World is situated in premises in Centereach, New York, subleased by Bay Lake Center from Masters, Inc., and that defendant Firstcent owns the property wherein the shopping center is located. Modell's and Bay Lake are both wholly owned subsidiaries of Med-Mac Realty Co., Inc., a real estate holding company. According to defendant, the space subleased by Bay Lake does not include the parking lot and neither Modell's nor any of its related entities maintains or controls any portion of the parking area. Thus, it is urged, Modell's was in no way negligent and could not have contributed to the accident. Defendants Firstcent and Trebing, joined by plaintiffs, opposed the motion, arguing that Modell's has not sufficiently demonstrated its lack of control of the parking lot to warrant summary judgment and had failed to produce a witness who had personal knowledge of the facts. Special Term, concluding that it was unclear whether Modell's had assumed any legal or actual responsibility for maintaining the parking lot, denied the motion.

Michael S. Modell, an officer of both Henry Modell and Company and Bay Lake Center, appeared at the examination before trial on behalf of defendant Modell's. While it is true that he did not possess personal knowledge regarding either

the incident in question or the operating procedures at the shopping center and parking lot, that alone cannot preclude the granting of summary judgment in the absence of a triable issue of fact. Indeed, an examination of the record herein discloses no indication of any contractual obligation on the part of Modell's to maintain the parking lot or that it had undertaken to do so on its own initiative. On the contrary, Martin Cohen, managing agent of Firstcent, who was in a position to have personal knowledge, testified at the examination before trial that Firstcent managed and maintained the parking area and performed all necessary repairs thereon. He also admitted that it was Firstcent which installed the stop sign in question and was in charge of inspecting the parking lot traffic signals to ascertain their condition. In addition, the lease between Masters, Inc., and Firstcent, the successor to Danlan Realty Corp., the original party to the agreement with Masters, expressly states that the lessee is to pay a specified amount to the lessor for the purpose of parking lot maintenance.

The law is clear that in order to defeat a motion for summary judgment, a party "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient". (*Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Fried v Bower & Gardner,* 46 NY2d 765; *Platzman v American Totalisator Co.,* 45 NY2d 910; *Herman v Malamed,* 110 AD2d 575.) In the situation before us, plaintiffs' unsupported claim that Modell's maintained and controlled " 'Modell Plaza' Shopping Center, including the parking lot where the accident occurred" is simply inadequate to raise a triable issue of fact where all the available evidence demonstrates that Modell's was under no duty to maintain the parking area. (*See, Ballestas v City of New York,* 114 AD2d 764.) Consequently, Special Term should have granted defendant Modell's motion for summary judgment. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Milonas, JJ.