■ HANOVER INSURANCE COMPANY, Respondent, v RICHARD C. SAGE, Appellant, et al., Defendants.—In a declaratory judgment action, the defendant Richard Sage appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 7, 1985, which denied his motion for partial summary judgment declaring that the plaintiff Hanover Insurance Co. has a duty to defend him in a defamation action brought against him by the defendants Coral Taylor and Thomas Ickovic.

Order reversed, on the law, with costs, motion granted, and it is declared that plaintiff Hanover Insurance Co. has a duty to defend the defendant Richard Sage in the aforementioned action.

Special Term properly found that there was a factual issue as to whether the claim fell under an exclusionary provision of the respondent's insurance policy. Since it cannot "be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy" (Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876; see also, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304), the insurer has a duty to defend. Thus Special Term erred when it denied the defendant Sage's motion for partial summary judgment declaring that the plaintiff Hanover Insurance Co. had a duty to defend him. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.

■ HARRISON CONFERENCE CENTER OF GLEN COVE, INC., Plaintiff, v SIDNEY PHILIP GILBERT & ASSOCIATES, P. C., Defendant and Third-Party Plaintiff-Respondent. JACK KULKA, P. C., et al., Third-Party Defendants-Appellants.—Order of the Supreme Court, Nassau County, dated April 10, 1985, affirmed, with costs, for reasons stated by Justice Balletta at Special Term. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.