(December 22, 1986)

■ ALLSTATE INSURANCE COMPANY, Respondent, v KENNETH RIGGIO, Appellant, et al., Defendants.—In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Kenneth Riggio in a negligence action brought against him by a third party, the defendant Kenneth Riggio appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated August 5, 1985, which denied his motion for summary judgment dismissing the plaintiff's complaint as against him, and which declared that the plaintiff Allstate Insurance Company (hereinafter Allstate) does not have duty to defend or indemnify him in the negligence action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and it is declared that Allstate has a duty to defend, and, if necessary, indemnify the defendant Kenneth Riggio in the aforementioned action.

The plaintiff has failed to establish, as a matter of law, that there is no possible factual or legal basis upon which it might eventually be held to be obligated to defend and indemnify the defendant Riggio (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876; Hanover Ins. Co. v Sage, 123 AD2d 602). The affirmation of the defendant Riggio's attorney, together with the supporting exhibits submitted therewith, sets forth a claim that the consequences of the defendant Riggio's actions were unintended. Moreover, the pleading of the plaintiff in the underlying action never averred that the injuries suffered by him were the intended consequences of the defendant Riggio's actions. Thus, Allstate is obligated to defend and, if necessary, indemnify Riggio in the underlying action brought against him (see, e.g., Miller v Continental Ins. Co., 40 NY2d 675; McGroarty v Great Am. Ins. Co., 36 NY2d 358; State Farm Fire & Cas. Co. v Shapiro, 118 AD2d 556).

We note that the defendant Riggio should be permitted to retain independent defense counsel, at Allstate's expense, since his interests in proving the unintentional nature of the injuries are in conflict with that of Allstate *(see, Baron v Home Ins. Co.,* 112 AD2d 391, 393). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.