■ SIDNEY SPIELFOGEL, Respondent, v NORTH RIVER INSURANCE COMPANY, Appellant.—In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in a personal injury action brought against him by Fred Hill and Meta Hill, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered February 23, 1988, as, upon reargument, granted the plaintiff's motion for partial summary judgment on the issue of the defendant's obligation to defend the plaintiff in the personal

injury action and to reimburse him for all legal fees and expenses reasonably incurred in connection with defending that action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established, as a matter of law, his entitlement to a declaration that the defendant is obligated to defend him in the personal injury action commenced by Fred Hill and Meta Hill and to reimburse him for all legal fees and expenses incurred in connection with defending that action. It is well settled that "if the insurer is to be relieved of [its] duty to defend it is obligated to demonstrate that the allegations of the complaint cast that pleading *solely* and *entirely* within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation" *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325 [emphasis supplied]; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311-312). The defendant herein has failed to meet this burden *(see, Allstate Ins. Co. v Riggio,* 125 AD2d 515). Moreover, "[w]here, as here, the insurer has knowledge of facts which potentially bring the claim within the coverage of the policy it has a duty to defend even though the allegations of the complaint fail sufficiently to allege all of the facts requisite to do so" *(Commercial Pipe & Supply Corp. v Allstate Ins. Co.,* 36 AD2d 412, 415, *affd* 30 NY2d 619; *Sucrest Corp. v Fisher Governor Co.,* 83 Misc 2d 394, 403, *affd* 56 AD2d 564). In this case, the sworn deposition testimony of the plaintiff indicates that his acts, as well as the damages allegedly sustained by Fred Hill, were unintended, and if so proven, would be within the policy coverage provided by the defendant.

Therefore, since the defendant did not establish that there is no possible factual or legal basis upon which it might eventually be held to be obligated to indemnify the plaintiff under any provision of the insurance policy, the plaintiff was entitled to the relief granted to him *(see, Seaboard Sur. Co. v Gillette Co., supra,* at 312; *Allstate Ins. Co. v Riggio, supra).* Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.