■ RICHARD SHIRE, as Administrator of the Estate of CHRISTOPHER SHIRE, Deceased, Respondent, v PHILLIP A. FERDINANDO, JR., Doing Business as CLUB FERDINANDO CORP., and as AFTER DARK LOUNGE, Appellant, et al., Defendants.—In an action to recover damages for personal injuries and wrongful death, the defendant Phillip A. Ferdinando, Jr., doing business as Club Ferdinando Corp. and doing business as After Dark Lounge, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), entered May 8, 1989, as denied that branch of his motion which was for summary judgment dismissing the plaintiff's causes of action based on negligence as asserted against him.

Ordered that the order is reversed insofar as appealed from, with costs, the branch of the appellant's motion which was for summary judgment dismissing the plaintiff's causes of action based on negligence as asserted against him is granted, and the action against the remaining defendants is severed.

At approximately 12:30 A.M., on February 25, 1984, the plaintiff's decedent was stabbed to death in the parking lot

outside the premises known as the After Dark Lounge, located at 894 Jericho Turnpike, in Smithtown. The perpetrator was 16-year-old Mitchell Mazzilli, who had twice been refused admission to the After Dark Lounge, and had engaged in an altercation with an unnamed youth in the parking lot. Mazzilli thereafter left the area, returning a short time later with his friend Schipper and 3 or 4 other youths, with whom he sought out the young man who he claimed had earlier insulted him. In the ensuing melee, the plaintiff's decedent was stabbed in the chest.

Following a motion for summary judgment by the appellant, the court dismissed those portions of the complaint which were based upon General Obligations Law § 11-101 (the Dram Shop Act), since the proof was uncontroverted that neither Mazzilli nor Schipper had been patrons of the After Dark Lounge on the night in question. It concluded, however, that triable issues of fact existed as to the liability of the appellant in negligence, finding that the testimony regarding the frequency of fights in and outside the bar suggested that the risk of danger was foreseeable. We reverse.

The evidence shows that the After Dark Lounge shared the building that it rented with two other businesses, and that the bar had permission to use the parking lot, but that, by the terms of its lease, it had no obligation to maintain or right to control the parking area. Since the After Dark Lounge, as a tenant, had no duty to maintain the parking lot *(see, Ballestas v City of New York,* 114 AD2d 764), and was not in possession or control of the parking area, it had no duty to protect the plaintiff's decedent, who was injured there *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *McGill v Caldors, Inc.,* 135 AD2d 1041). Not only was the area of the crime outside the appellant's dominion, but the perpetrator of the crime was likewise not within his control *(see, Waters v New York City Hous. Auth.,* 69 NY2d 225; *Pulka v Edelman,* 40 NY2d 781). Mangano, P. J., Brown, Kooper and Harwood, JJ., concur. *[See,* 143 Misc 2d 650.]