■ Prudential Property & Casualty Insurance Company, Respondent, v Charles G. Godfrey, Individually and as Parent and Natural Guardian of Charles G. Godfrey, Jr., an Infant, Defendant, and George Knapp et al., Individually and as Parents and Natural Guardians of James Knapp, an Infant, Appellants.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Beisner, J.), entered December 11, 1989 in Dutchess County, which denied the motion of defendants George Knapp and Paula Knapp for partial summary judgment declaring that they may select counsel of their own choice at plaintiff's expense in a pending action.

Charles G. Godfrey, Jr. was injured while riding as a passenger on an all-terrain vehicle (hereinafter ATV) driven by the 10-year-old son of defendants George Knapp and Paula Knapp (hereinafter collectively referred to as defendants). Godfrey's father, defendant Charles G. Godfrey, individually and on behalf of his son, commenced an action alleging both negligent entrustment and negligent use or operation of the ATV, assertedly a dangerous instrumentality. Plaintiff, the homeowners insurance carrier for defendants, assumed responsibility for defending the action. Shortly thereafter, however, plaintiff brought this declaratory judgment action to

determine the scope of its duty to defend and provide coverage for the underlying personal injury claim. Defendants moved for summary judgment on the issue and additionally requested the right to retain independent counsel. Supreme Court ordered plaintiff to defend and, if necessary, indemnify defendants on the negligent entrustment theory. Defendants' appeal is limited to that portion of the order denying their request to select new counsel to defend them in the pending personal injury action. We affirm.

Inasmuch as plaintiff's interest in disproving negligent entrustment of the ATV does not conflict with defendants' interest in defeating both the negligence and negligent entrustment claims, there is no need for independent counsel (cf., Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401; Allstate Ins. Co. v Riggio, 125 AD2d 515, 515-516).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.