■ FEDERAL INSURANCE COMPANY, Appellant, v MICHIGAN MUTUAL INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on May 14, 1990, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross-motion for summary judgment in its favor, unanimously affirmed, without costs.

This is an action to determine whether the plaintiff or the defendant is responsible for the second $500,000 of a $1,000,000 contribution to the settlement of a Kings County negligence action *(Dorsky v Norman,* Kings County Index No. 9439/84). The action had been commenced after the infant plaintiff was severely injured in an accident involving a tractor trailer. The defendants were the driver, his employer, and the company that leased the tractor trailer to the employer.

Defendant insured the driver's employer for automobile liability to a maximum of $500,000, and also provided a general liability policy that excluded automobile liability. Nevertheless, there was a contractual liability endorsement that did not exclude automobile liability.

Although the driver's employer had an obligation to indemnify the leasing company for liability, there is no indication in the record that any portion of the disputed $500,000 represented liability to the leasing company under contract. Any liability of the employer to the leasing company was obviated when the leasing company waived its cross-claim against the employer on the settlement of *Dorsky (supra).* Accordingly, the settlement amount solely represents the employer's liability to the *Dorsky* plaintiffs, which does not arise from contract. Accordingly, summary judgment was properly granted, since the defendant demonstrated that there was no possible factual or legal basis upon which it would be liable for the second $500,000 under its contractual liability endorsement *(cf., All-state Ins. Co. v Riggio,* 125 AD2d 515). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.