■ WILLIAM J. CASTRACANE, Appellant-Respondent, v KNIGHTS OF COLUMBUS, Defendant and Third-Party Plaintiff-Respondent. CONTINENTAL CASUALTY COMPANY, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, and a third-party action brought by the defendant for a declaration that the third-party defendant Continental Casualty Company must defend and indemnify it with respect to the underlying personal injury action, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered October 2, 1990, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, and (2) Continental Casualty Company cross-appeals from so much of the same order as denied its motion to sever the third-party action against it and granted that branch of the defendant's cross motion which was for summary judgment declaring that it must defend and indemnify the defendant in the underlying action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant.

On the evening of May 23, 1986, as the plaintiff was leaving a carnival operated by the defendant Knights of Columbus, he suffered personal injuries when he was struck on the head by another patron with a piece of wood taken from one of the barricades during an altercation that had broken out in a parking lot owned by the Town of Babylon and adjacent to the carnival site. The plaintiff brought this action against the defendant, alleging, *inter alia,* that the defendant had exercised sufficient control over the town-owned lot to have assumed and breached a duty of care to carnival patrons who used the lot. In turn, the defendant initiated its third-party action against, *inter alia,* Continental Casualty Company (hereinafter Continental), seeking a declaration that Continental was required to defend and indemnify it in the underlying personal injury action. After Continental had moved to sever the third-party action from the plaintiff's action, the defendant cross-moved for summary judgment with respect to both the plaintiff's action and its declaratory judgment action against Continental. Subsequently, the Supreme Court granted both branches of the defendant's cross motion, finding that the defendant had not assumed a duty of care with respect to the town-owned lot and that an exclusion relied upon by Continental to disclaim coverage was ambiguous, warranting construction in the defendant's favor. We agree.

Although a grant of summary judgment is considered a drastic remedy in an action based on negligence *(see, Andre v Pomeroy,* 35 NY2d 361), we feel it was properly awarded to the defendant with respect to the underlying personal injury action. Despite the defendant's use of the town-owned lot in conjunction with the carnival and the foreseeability of altercations occurring there, it did not exert sufficient control over the lot to have assumed a duty of care for injuries sustained there *(see, Shire v Ferdinando,* 161 AD2d 573, 574; *see also, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522; *Smith v Fishkill Health-Related Ctr.,* 184 AD2d 963).

Moreover, the Supreme Court properly construed the inherent ambiguity in the policy exclusion against Continental *(see, Sacks v Hartford Ins. Co.,* 68 AD2d 48). Since Continental failed to demonstrate that the plaintiff's allegations in the underlying personal injury action placed that pleading solely and entirely within the exclusions of the policy *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *International Paper*

*Co. v Continental Cas. Co.,* 35 NY2d 322, 326; *Baron v Home Ins. Co.,* 112 AD2d 391, 392), the defendant was entitled to the declaration it sought with respect to Continental's duty to defend it *(see, Spielfogel v North Riv. Ins. Co.,* 148 AD2d 696).

We note that in light of the foregoing conclusions, any discussion of Continental's duty to indemnify the defendant in the underlying personal injury action is academic. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.