■ PETER DEL BOURGO, as Conservator of RAYMOND DEL BOURGO, an Incompetent, et al., Respondents, v 138 SIDELINES CORP., Appellant. [618 NYS2d 59] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered May 6, 1993, as granted the plaintiffs leave to serve an amended complaint adding a cause of action sounding in negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for leave to serve an amended complaint is denied.

Shortly after midnight on May 13, 1990, the plaintiff Raymond Del Bourgo became involved in an argument with another patron while inside a bar owned by the defendant. Because of the high noise level inside the bar, the two exited the bar to continue their argument outside. They were told by the doorman "to take it down the block", so they walked some distance away from the bar. Suddenly, the other patron punched Del Bourgo and viciously beat him, as a result of which Del Bourgo sustained severe permanent injuries. There was no evidence that either man was intoxicated at the time, nor was there any evidence to indicate that the verbal disagreement was going to turn into a physical altercation prior to the other patron's initial punch. The plaintiffs sought leave

to amend the complaint, which had alleged only a Dram Shop Act cause of action, to add a cause of action sounding in common-law negligence in failing to provide a safe premises. The court granted the plaintiffs' motion, and granted the defendant's cross motion to dismiss the Dram Shop Act cause of action.

It is without question that motions for leave to amend are to be liberally granted absent prejudice or surprise resulting directly from the delay *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935; CPLR 3025 [b]). However, it is equally without question that "[i]n cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied" *(Norman v Ferrara,* 107 AD2d 739-740; *see also, Nissenbaum v Ferazzoli,* 171 AD2d 654; *DeGuire v DeGuire,* 125 AD2d 360). Here, the plaintiffs' proposed cause of action was clearly without foundation in law; therefore, it was an improvident exercise of discretion to grant the plaintiffs leave to amend the complaint.

It is well settled that any viable claim for negligence must be founded upon a breach by a defendant of a legal duty owed to a plaintiff *(see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584; *Strauss v Belle Realty Co.,* 65 NY2d 399; *Pulka v Edelman,* 40 NY2d 781; *Northern Assur. Co. v Nick,* 203 AD2d 342). The defendant's duty was to act in a reasonable manner to control the conduct of third persons on its premises so as to prevent harm to its patrons *(see, D'Amico v Christie,* 71 NY2d 76, 85; *Pulka v Edelman, supra,* at 783; *Marianne OO. v C & M Tavern,* 180 AD2d 998). However, the defendant's duty was limited to conduct on its premises, which it had the opportunity to control, and of which it was reasonably aware *(see, D'Amico v Christie, supra; Marianne OO. v C & M Tavern, supra).*

Here, Raymond Del Bourgo's injuries were the result of a sudden and unexpected attack that occurred on a public sidewalk some distance away from the defendant's premises. As tragic as the consequences were, there was no breach of a legal duty by the defendant *(see, Castracane v Knights of Columbus,* 190 AD2d 707; *Shire v Ferdinando,* 161 AD2d 573). Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.