■ Betty L. Garilli et al., Respondents, v Supermarkets General Corporation, Doing Business as Pathmark, Appellant, et al., Defendant. [620 NYS2d 112] —In an action to recover damages for personal injuries, etc., the defendant Supermarkets General Corporation appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 13, 1993, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against the appellant.

The Supreme Court erred in denying the motion of the defendant Supermarkets General Corporation d/b/a Pathmark (hereinafter Pathmark) for summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against it. Pathmark produced evidence in admissible form that demonstrated that the parking lot where the plaintiff Betty Garilli fell is not part of the premises leased to Pathmark and that Pathmark is not in control of the parking lot. Therefore, Pathmark owed no duty to the injured plaintiff to keep the parking lot in good repair (see, Turrisi v Ponderosa, Inc., 179 AD2d 956, 957; Shire v Ferdinando, 161 AD2d 573). Accordingly, we find, as a matter of law, that Pathmark cannot be

held liable for injuries caused by the alleged dangerous condition of the property. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.