■ MARIE SIGNORILE et al., Respondents, v LEFRAK-SBN ASSOCIATES et al., Appellants, and ROYAL PRUDENTIAL INDUSTRIES, Respondent. SQUIBB CORPORATION, Third-Party Plaintiff-Appellant, v NORTHERN TELECOM, INC., Third-Party Defendant-Respondent. [629 NYS2d 202] —Order, Supreme Court, New York County (Helen Freedman, J.), entered March 11, 1994, which granted third-party defendant's motion for summary judgment, unanimously affirmed, without costs.

The third-party action against the subtenant was properly dismissed on the ground that the lease, which gives defendant landlord exclusive control over the operation and access to the elevators and adjacent vestibule space where the assault for which plaintiff seeks damages took place, conclusively established that the subtenant did not have sufficient control over the premises to have assumed a duty of care for injuries sustained there (*see, Castracane v Knights of Columbus*, 190 AD2d 707, 708, *lv denied* 82 NY2d 651). In view of this lack of control, the extent of the subtenant's knowledge of prior criminal acts in the premises is irrelevant, and the disclosure third-party plaintiff main tenant seeks in that regard is unnecessary. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.