■ CHRISTINA BUTLER, Respondent, v E.M.D. ENTERPRISES, INC., Doing Business as THE COUNTRY CLUB, et al., Appellants, et al., Defendant. [689 NYS2d 575] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of E.M.D. Enterprises, Inc., d/b/a The Country Club, and Eugene Dinino (defendants) for summary judgment dismissing the complaint against them. Plaintiff was injured at about 2:00 A.M. when she was slashed by a razor blade during an altercation with defendant Kara Cohen. Plaintiff and Cohen were patrons at The Country Club, a nightclub owned and operated by defendants.

"A tavern owner owes a duty to his patrons to protect them from personal attack when he has reasonable cause to antici-pate conduct on the part of third persons which is likely to endanger their safety [citations omitted]. The nature and scope of this duty is derived from the general concept of foresee-ability: '[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation'" (*Stevens v Kirby*, 86 AD2d 391, 394, quoting *Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 344, *rearg denied* 249 NY 511; *see also, Cittadino v DeGi-ronimo*, 198 AD2d 801; *Marianne OO. v C & M Tavern*, 180 AD2d 998). Defendants had notice of the danger to plaintiff and reasonable cause to anticipate harm to her because plaintiff told defendants' employees that she had been threat-ened, that she was fearful, and that she thought she would be "jumped" by Cohen and her friends.

Defendants contend that they are entitled to summary judg-ment because, even if the altercation took place in their park-ing lot rather than in the public street, they were under no duty to protect plaintiff once she declined their employee's offer

to provide an escort to her car. Plaintiff testified, however, that, although she declined the offer of defendants' security officer for an escort to her car, she expressly asked him to watch her as she went to her car. That request, if made, conveyed the continuing concern of plaintiff for her safety. Thus, plaintiff raised questions of fact concerning the nature and extent of defendants' duty to plaintiff and whether the actions of defendants' employees were reasonable (*see, Wilder v Nickbert Inc.*, 254 AD2d 819; *see generally, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Silver v Sheraton-Smithtown Inn*, 121 AD2d 711, 712). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.