■ SUSAN TAFT, Respondent, v SUZANNE CONNELL, Appellant. [727 NYS2d 572] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she was assaulted in a parking lot owned by the City of Jamestown and located adjacent to defendant's bar. The assault occurred several hours after plaintiff's assailant was ejected from defendant's bar as the result of an altercation involving plaintiff and her companion. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. The duty of defendant to protect plaintiff from foreseeable harm caused by third persons "was limited to conduct on [her] premises, which [she] had the opportunity to control, and of which [she] was reasonably aware" (*Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795, 796, *lv dismissed* 85 NY2d 924; *see, Furio v Palm Beach Club*, 204 AD2d 1053, 1054). The proof establishes that defendant neither owned nor assumed sufficient control over the parking lot to have assumed a duty to protect plaintiff from the assault that occurred there (*see, Castracane v Knights of Columbus*, 190 AD2d 707, 708, *lv denied* 82 NY2d 651; *Shire v Ferdinando*, 161 AD2d 573, 574, *lv denied* 76 NY2d 713; *cf., Robinson v June*, 167 Misc 2d 483, 487). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.