■ ESTATE OF GLENN W. MORGAN, JR., Deceased, by DENISE L. FINN, as Executrix of GLENN W. MORGAN, JR., Deceased, Respondent, v WHITESTOWN AMERICAN LEGION POST No. 1113, Appellant. [765 NYS2d 106] —Appeal from an order of Supreme Court, Oneida County (Shaheen, J.), entered January 2, 2003, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint in this action arising out of the murder of decedent. Even accepting the facts as alleged in the complaint as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), we conclude that the complaint fails to state a cause of action (*see* CPLR 3211 [a] [7]). The complaint alleges that decedent met a prostitute in defendant's private club, left with her, and thereafter was robbed and killed by her. Plaintiff contends that defendant is liable in negligence for decedent's death because it allowed the woman into the club when she was not a member and was known to be a person of "ill repute" who preyed on older men. "It is well settled that any viable claim for negligence must be founded upon a breach by a defendant of a legal duty owed to a plaintiff" (*Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795, 796 [1994], *lv dismissed* 85 NY2d 924 [1995]). Where, as here, an action is premised on defendant's alleged failure to protect a patron from foreseeable harm caused by third persons, "[t]he defendant's duty [is] to act in a reasonable manner to control the conduct of third persons *on its premises* so as to prevent harm to its patrons" (*id*. [emphasis added]).

A critical element of any such cause of action, missing here, is an allegation that decedent's death "occurred on defendant's property, or in an area under defendant's control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). It is not enough to allege that the incident resulting in decedent's death was foreseeable

where, as here, defendant "lacked the opportunity to supervise and control [decedent's assailant]" (*id.* at 86). *Butler v E.M.D. Enters.* (261 AD2d 842 [1999]), relied upon by the court, is distinguishable inasmuch as in that case there was an issue of fact whether the plaintiff was assaulted in the defendant's parking lot. As we indicated in *Taft v Connell* (285 AD2d 992, 992 [2001], *lv denied* 97 NY2d 604 [2001], quoting *Del Bourgo*, 208 AD2d at 796), "[t]he duty of defendant to protect plaintiff from foreseeable harm caused by third persons 'was limited to conduct on [its] premises, which [it] had the opportunity to control, and of which [it] was reasonably aware' " (*id.* at 992).

Plaintiff seeks to distinguish the case at bar from *Del Bourgo* and similar cases based upon the allegation that defendant is a private club and decedent's assailant should not have been allowed to enter or remain on its premises. Plaintiff, however, does not allege any injury suffered by decedent inside the club, and plaintiff seeks damages only for his wrongful death that occurred some distance away. "As tragic as the consequences were, there was no breach of a legal duty by the defendant" (*Del Bourgo*, 208 AD2d at 796). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.