■ Suzanne Barry, Individually and as Personal Needs/ Property Management Guardian of Joshua J. Hill, an Incapac-

itated Person and Minor, Appellant, v RICHARD J. GORECKI et al., Respondents. [833 NYS2d 329]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered December 19, 2005 in a personal injury action. The order granted the motions of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendant Douglas Gorecki and reinstating the failure to warn and derivative claims against him and as modified the order is affirmed without costs.

Memorandum: Joshua J. Hill, plaintiff's 18-year-old son, sustained personal injuries when he fell from a cliff located at the edge of property owned by defendants Richard J. Gorecki and Christine Gorecki (Goreckis). Hill was on the property attending a party hosted by the Goreckis' 20-year-old son, defendant Douglas Gorecki, while the Goreckis were out of town. At the party, Hill had been drinking alcohol that was unlawfully

purchased by Douglas at a store operated by defendant 2230 South Park Avenue Limited Partnership, doing business as Consumer's Beverages (Consumer's Beverages). When a fight broke out inside the Goreckis' residence during the party, Douglas asked everyone to move outside, where the fight continued. At that point, a neighbor telephoned the police because of the noise. When the police arrived, many partygoers, including Hill, scattered. Hill ran through the backyard of the Goreckis' property, with which he was unfamiliar, and which suddenly terminates in a cliff after a stretch of dense foliage. Plaintiff thereafter commenced this action and now appeals from an order insofar as it granted the motions of defendants for summary judgment dismissing the amended complaint against them.

We conclude that Supreme Court properly granted the Goreckis' motion for summary judgment. Although the Goreckis failed to establish as a matter of law that the cliff was a readily observable geographic feature (cf. *Tushaj v City of New York*, 258 AD2d 283, 283-284 [1999], *lv denied* 93 NY2d 818 [1999]; *see generally Coote v Niagara Mohawk Power Corp.*, 234 AD2d 907, 908 [1996]; *Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539 [1989]), we conclude as a matter of law that Hill's "presence [on the property] at the particular time and place of the injury" was not reasonably foreseeable to the Goreckis, and thus, that they owed no legal duty to Hill (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Di Ponzio v Riordan*, 89 NY2d 578, 585 [1997]; *see also Stevens v Kirby*, 86 AD2d 391, 394 [1982]; *see generally Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928], *rearg denied* 249 NY 511 [1928]; *Butler v E.M.D. Enters.*, 261 AD2d 842 [1999]). The Goreckis were not present at the party (cf. *Lane v Barker*, 241 AD2d 739, 740 [1997]), nor did they give their consent for it (cf. *Comeau v Lucas*, 90 AD2d 674 [1982]). Indeed, the record establishes that the Goreckis had expressly forbidden Douglas from having people in the house while they were away and that they did not allow him to drink or serve alcohol in their home.

The court also properly granted the motion of Consumer's Beverages for summary judgment. Plaintiff asserts that Consumer's Beverages is liable pursuant to General Obligations Law §§ 11-100 and 11-101 because its unlawful sale of beer to Douglas allegedly contributed to the intoxication of Douglas, rendering Douglas unable to control the party and resulting in Hill's injuries. We conclude as a matter of law, however, that "[u]nder the circumstances presented here, there is no reasonable or practical connection between the alleged unlawful sale

of alcohol to [Douglas] and [Hill's] resulting injuries" (*Beyrle v Finneron* [appeal No. 2], 199 AD2d 1023, 1023 [1993]). In addition, plaintiff contends that Consumer's Beverages' unlawful sale of beer to Douglas contributed to Douglas's failure to warn Hill of the cliff. That contention is raised for the first time on appeal and is thus not preserved for our review (*see Giangrosso v Kummer Dev. Corp.*, 8 AD3d 1037, 1038 [2004]; *Gorman v Ravesi*, 256 AD2d 1134, 1135 [1998]).

We further conclude that the court properly granted that part of the motion of Douglas for summary judgment dismissing the claim that Douglas failed to supervise or control the other partygoers. In view of the lengthy and tenuous chain of causation, the court properly concluded as a matter of law that there was no proximate cause between Douglas's alleged failure to supervise or control the partygoers and Hill's ultimate injuries (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). We agree with plaintiff, however, that the court erred in granting that part of the motion of Douglas for summary judgment dismissing the claim of failure to warn, and we therefore modify the order accordingly. It is well settled that both owners and occupiers owe a duty of reasonable care to maintain property in a safe condition and to give warning of unsafe conditions that are not open and obvious (*see Brzostowski v Coca-Cola Bottling Co.*, 16 AD2d 196, 201 [1962]; *see generally Czorniewy v Mosera*, 298 AD2d 352, 352-353 [2002]; *Williams v Chenango County Agric. Socy.*, 272 AD2d 906 [2000]; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020 [1994], *lv dismissed* 84 NY2d 923 [1994]). Here, Douglas, undisputedly an occupier of the property, failed to establish as a matter of law that the cliff was an open and obvious geographic feature. We therefore conclude that there are issues of fact with respect to Douglas—in contrast to his parents—on the issues of foreseeability and the scope of his duty to warn. We have examined plaintiff's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.