■ Carl Candelaria, Respondent, v Lake and Morningside Properties, Inc., Defendant, and Scott Couples, Doing Business as Morningside Pub, et al., Appellants. [896 NYS2d 893]—

In an action to recover damages for personal injuries, the defendants Scott Couples, doing business as Morningside Pub, Tommy, LLC, doing business as Morningside Pub, and Steve Pondserak appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered June 3, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

Contrary to the plaintiff's contention and the determination of the Supreme Court, the appellants established their prima facie entitlement to judgment as a matter of law by showing that they discharged their duty to protect the plaintiff from harm on their property by interceding in the verbal altercation between a third party and the plaintiff, and by instructing the third party to leave the premises when he made a threatening remark. Under the circumstances presented, the appellants had no duty to protect the plaintiff from or to warn him about a sudden and unanticipated ambush-style attack as he exited the premises, which was launched by the third party from a public area outside the bar at least one hour after the third party had been told to leave (*see e.g. Taft v Connell*, 285 AD2d 992 [2001]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]; *White v Celebrity Lounge*, 215 AD2d 650 [1995]; *Del Bourgo v 138 Sidelines Corp.*, 208 AD2d 795 [1994]; *Marianne OO. v C & M Tavern*, 180 AD2d 998 [1992]; *Shire v Ferdinando*, 161 AD2d 573 [1990]). In opposition to the appellants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.