Covelli v Silver Fist, Ltd. (2018 NY Slip Op 08914)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Covelli v Silver Fist, Ltd.

2018 NY Slip Op 08914

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05848
(Index No. 11976/13)

[*1]Mary C. Covelli, etc., appellant, 
vSilver Fist, Ltd., et al., respondents, et al., defendant.

Asta & Associates, P.C., New York, NY (Michael J. Asta of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, White Plains, NY (Deborah A. Summers of counsel), for respondents.

DECISION & ORDER
In action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered April 6, 2016. The order granted the motion of the defendants Silver Fist, Ltd., Silver Fist, Ltd., doing business as Shooters Tiki Bar & Grill, and Shooters Tiki Bar & Grill for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent died from injuries sustained as a result of an altercation with the defendant Robert Roll. The altercation occurred on the public roadway outside of Shooters Tiki Bar & Grill, where the decedent and Roll had both been patrons. The plaintiff, as administrator of the decedent's estate, commenced this action against Roll and the defendants Silver Fist, Ltd., Silver Fist, Ltd., doing business as Shooters Tiki Bar & Grill, and Shooters Tiki Bar & Grill (hereinafter collectively the bar defendants), alleging, inter alia, negligence and wrongful death. The bar defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that they owed no duty of care to persons outside their premises and, in any event, that they could not be held liable for the unforeseeable and unexpected assault upon the decedent. The Supreme Court granted the motion. The plaintiff appeals.
Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property (see Basso v Miller, 40 NY2d 233, 241). In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control (see D'Amico v Christie, 71 NY2d 76, 85). Under this rationale, courts have recognized that a landowner may have responsibility for injuries caused by an intoxicated guest (see id. at 85). However, it is "uniformly acknowledged that liability may be imposed only for injuries that occurred on defendant's property, or in an area under defendant's control, where defendant had the opportunity to supervise the intoxicated guest" (id.; see Martino v Stolzman, 18 NY3d 905, 908; Sheehy v Big Flats Community Day, 73 NY2d 629, 636; O'Gara v Alacci, 67 AD3d 54, 57; Reuter v Flobo Enters., 120 AD2d 722, 723). Moreover, a landowner is not an insurer of a visitor's safety, and has no duty to protect visitors against unforeseeable and unexpected assaults (see Maheshwari v City of New York, 2 NY3d 288, 294; [*2]Afanador v Coney Bath, LLC, 91 AD3d 683, 683-684; Sugarman v Equinox Holdings, Inc., 73 AD3d 654, 655; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1192; Millan v AMF Bowling Ctrs., Inc., 38 AD3d 860, 860-861).
Here, the bar defendants submitted evidence demonstrating that the altercation was a sudden and unforeseeable event, which occurred on a public roadway, outside of their premises and control (see Martino v Stolzman, 18 NY3d 905; Candelaria v Lake & Morningside Props., Inc., 71 AD3d 941; Murphy v Chaos, 26 AD3d 231; Taft v Connell, 285 AD2d 992; White v Celebrity Lounge, 215 AD2d 650; Del Bourgo v 138 Sidelines Corp., 208 AD2d 795; Shire v Ferdinando, 161 AD2d 573). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557). Accordingly, we agree with the Supreme Court's determination granting the bar defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court