■ RONALD NIEVES, Appellant, v HOLMES PROTECTION, INC., Respondent and Third-Party Plaintiff, and C.G.M. CHECK CASHING CORP., Third-Party Defendant. — Judgment, Supreme Court, Bronx County (Kent, J.), entered on May 21, 1981, affirmed for the reasons stated by Kent, J., at Trial Term, without costs and without disbursements. Concur — Carro, Markewich and Lynch, JJ.

Kupferman, J. P., and Milonas, J., dissent in a memorandum by Milonas, J., as follows: I would reverse and remand for a new trial. This is an appeal from a judgment, entered on May 21, 1981, in the Supreme Court, Bronx County

(Kent, J.), which dismissed the complaint at the close of defendant's evidence. Plaintiff had been the manager of the C.G.M. Check Cashing Corporation for approximately three years preceding the incident which is the subject of the instant action. On December 12, 1977, he was alone and closing the store for the night. The store contained a large safe, as well as a burglar alarm system installed and maintained by defendant, Holmes Protection, Inc. According to the plaintiff, he was acquainted with the type of protection system in use and had worked with similar ones at his previous place of employment. On the night in question, plaintiff asserted he followed his usual procedure in pushing all the proper switches and signaled Holmes. After receiving Holmes' customary audible ringing call-back signal a few seconds later, he proceeded to leave when he was accosted by an individual with a gun. The would-be robber ordered him back into the shop and directed him to open the safe. The safe was sensorized so that once the alarm was set, anyone approaching the safe would cause a silent alarm to be transmitted to defendant. Additionally, there were buttons in the store which could be activated to sound a silent alarm in the event of a robbery. Although plaintiff informed the perpetrator of the existence of the silent alarm, the latter demanded that the safe be opened anyway. When this was done, the control center at the Holmes office activated the ring-back signal and the control box began to ring erratically for a period of time, startling the robber. The plaintiff testified that, as a result, the intruder jumped back and the gun discharged, seriously injuring him. Plaintiff commenced an action for money damages for personal injuries sustained by him as a consequence of defendant's alleged negligence. A jury trial was held and, at the conclusion of the defendant's case, the court dismissed the complaint on the ground that under the contract between Holmes Protection, Inc. and C.G.M. Check Cashing Corporation, Holmes was only required to furnish an alarm system and was not an insurer of either the property of its subscriber nor the safety of its employees. The court further concluded that it could not be stated that the ring was either the proximate cause of the shooting or that the incident was foreseeable. In its decision, the court relied upon *Bernal v Pinkerton's, Inc.* (52 AD2d 760), which involved a contract by Pinkerton to supply uniformed guards for the protection of New York Telephone Company facilities and buildings. Defendant's employee left a gate unguarded through which an intruder purportedly entered the premises of the New York Telephone Company and fired a shot, causing injuries to the plaintiff. Reversing a judgment in favor of plaintiff, the court declared (p 760) that: "Before an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him from physical injury." The court found that since the defendant was hired to protect the New York Telephone Company's facilities and buildings, not to safeguard the plaintiff from physical injury, the plaintiff was not a third-party beneficiary of the contract. Moreover, the absence of the guard, who was not required to be armed, could not be said to be the proximate cause of the shooting. However, the situation at issue here is distinguishable. The agreement between C.G.M. Check Cashing Corporation and Holmes Protection, Inc. provided for the installation of a silent burglar alarm system which was intended to defend, in part, against thieves in a manner designed not to alert them, thereby discouraging the risk of physical injury to innocent persons, such as plaintiff, who were present during the commission of a robbery. The jury could reasonably conclude, if the evidence so warranted, that C.G.M. Check Cashing Corporation engaged the services of Holmes Protection, Inc. to safeguard against just such a contingency and that what occurred on the night of December 12, 1977 was indeed foreseeable.

Similarly, whether or not the defendant's alleged negligence was the proximate cause of the plaintiff's being shot was a factual determination which should also have been left to the jury. In my opinion, the trial court was in error in dismissing the complaint. Thus, the judgment appealed from should be reversed and a new trial granted.