■ MANNIE SUKHLAL, Respondent, v AMERICAN HOME PROD-

UCTS CORP. et al., Appellants.—Judgment, Supreme Court, Bronx County (Jack Turret, J.), entered on or about March 13, 1989, after a jury trial, finding defendants American Home Products Corp. and Pinkerton's Inc. negligent in this personal injury action and jointly liable to plaintiff in the amount of $100,000 plus costs and disbursements, said liability allocated 60%/40%, respectively, between the defendants, unanimously affirmed, without costs or disbursements.

Plaintiff slipped and fell on a wet spot in the lobby of the building where he worked at 685 Third Avenue in Manhattan. He had descended to the ground floor from his 28th-floor office to make a package delivery to the mail room, and suffered the accident on his return. The hazardous spill was directly in front of the lobby security desk. The Pinkerton's guards made two calls to defendant American Home Products Corp.'s (the landlord) maintenance supervisor to report the condition, but no one arrived to clean it up during the approximately 15 to 20 minutes between discovery and accident. Pinkerton's contractual obligation was primarily to provide security for the building, although its duties did include control of pedestrian movement in the entrance areas, and general responsibility for prevention of accidents. After notifying the landlord's maintenance supervisor of the condition, Pinkerton's posted a guard on either side of the spill. Unfortunately, plaintiff emerged from a hallway behind the guards, and thus was never alerted to avoid the slippery spot. Having undertaken a measure of security (vis-à-vis pedestrian traffic flow and accident prevention) in some greater detail than called for under the general terms of the contract, Pinkerton's must suffer the consequence of its misfeasance in carrying out that task.

We reject the landlord's argument for indemnification against Pinkerton's as against public policy (General Obligations Law § 5-322.1) in view of the landlord's own negligence. *(See, Brown v Two Exch. Plaza Partners,* 76 NY2d 172.) Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.