■ MARIANNE OO., Appellant, v C & M TAVERN, INC., Doing Business as NEW YORK CITY CAFE, Respondent, et al., Defendant. (And a Third-Party Action.)—Levine, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 10, 1991 in Schenectady County, which granted defendant C & M Tavern, Inc.'s motion for summary judgment dismissing the complaint against it.

On the evening of March 21, 1984, plaintiff patronized a bar located in the City of Schenectady, Schenectady County, owned and operated by defendant C & M Tavern, Inc. (hereinafter defendant). Third-party defendants, Thomas Pascow, Scott Dominy and Jeffrey Morlang, were also patrons at the bar on that date. Plaintiff was acquainted with the men and apparently had a prior brief relationship with Dominy which did not end amicably. After plaintiff entered the bar, Dominy allegedly made derogatory comments to her on two occasions and, at one point, engaged in a minor shoving match with her on the dance floor. This conduct was broken up by defendant's president who, according to plaintiff, stated "You guys cut it out. I do not want any problems in the bar. I am going to throw you out. You are going to be cut off and thrown out."

Later that evening, Pascow approached plaintiff and asked her to leave the bar with Dominy, Morlang and himself. Plaintiff refused initially, stating that she was going to get a ride home from someone else, but later reluctantly agreed to speak with Dominy by the stairs leading to the bar's entranceway. After speaking with plaintiff for a short time, Dominy allegedly took her by the arm, guided her down the stairs and pulled her out of the bar. Once outside in the parking lot, Dominy allegedly pushed plaintiff against the side of the building and eventually forced her into Pascow's car. Pascow

then drove Dominy, plaintiff and Morlang to another bar, where the men forced plaintiff to have a drink with them.

Subsequently, the three men took plaintiff from the second bar to Morlang's apartment, where she was repeatedly raped, sodomized, sexually abused and unlawfully imprisoned. Dominy and Pascow were tried and convicted of all four crimes and Morlang pleaded guilty to sexual abuse in the first degree. Plaintiff thereafter commenced this action against defendant alleging a cause of action for violation of the Dram Shop Act (see, General Obligations Law § 11-101) and a cause of action for negligence. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion and this appeal followed. In her brief, plaintiff has limited her appeal solely to challenging Supreme Court's dismissal of the negligence cause of action.

There should be an affirmance. In order for plaintiff to prevail on her negligence claim, it must first be established that defendant owed her a legal duty. As the bar's owner and operator, defendant clearly had a duty to act in a reasonable manner to control the conduct of third persons on its premises so as to prevent harm to its patrons (see, D'Amico v Christie, 71 NY2d 76, 85; see also, Pulka v Edelman, 40 NY2d 781, 783; Basso v Miller, 40 NY2d 233, 241). Defendant's duty, however, was limited to conduct on its premises which it had the opportunity to control and of which it was reasonably aware (see, D'Amico v Christie, supra, at 85). Here, plaintiff failed to establish that defendant had a duty to protect her from the conduct that ultimately caused her injuries.

Plaintiff argues initially that it was foreseeable, based upon the dance floor incident, that she would be subject to further harmful conduct and, therefore, that defendant had a duty to exercise reasonable care to protect her from such further conduct. While we agree that defendant had a duty to control Dominy's conduct on its premises to avoid injury to plaintiff or any other patron, we cannot conclude that the duty extended to protection of plaintiff from off-premises intentional criminal conduct over which it had no control (see, D'Amico v Christie, supra, at 85; Martinez v Camardella, 161 AD2d 1107, 1108). Nor can we conclude that defendant assumed such an extended duty by intervening in the dance floor incident and/or by directing its employees to check the area immediately outside the bar from time to time. It is our view that defendant discharged its obligation to plaintiff when its president broke up the shoving match between Dominy and plaintiff and issued warnings that further misconduct would result in them

being "thrown out" of the bar. The examination before trial testimony elicited from plaintiff established that Dominy's disorderly conduct on the dance floor ceased immediately following the intervention by defendant's president. Thus, defendant had no reasonable basis to conclude that further misconduct would occur or that additional action on its part, such as evicting Dominy or calling the police, was warranted (cf., Shank v Riker Rests. Assocs., 28 Misc 2d 835, affd 15 AD2d 458).

Equally unpersuasive is plaintiff's claim that defendant had a duty to intervene as she was "forcibly removed" from the bar by Dominy. As stated previously, defendant's duty to control the conduct of Dominy on its premises was limited to conduct of which it was reasonably aware (see, D'Amico v Christie, supra). In this case, the facts in the record are insufficient to permit an inference that defendant was aware of plaintiff's apparent abduction by Dominy on the evening in question. Plaintiff testified that Dominy grabbed her arm at the top of the stairs leading out of the bar and guided her down to the landing. There, they had a brief conversation and Dominy then started to pull plaintiff out the door. At that point, plaintiff allegedly told Dominy to leave her alone and asked defendant's employee, who was standing approximately 4 to 4½ feet away at the top of the stairs, to help her. There is nothing in plaintiff's testimony to indicate that she screamed or otherwise raised her voice in requesting assistance. According to plaintiff, the band, which she described as "loud", was playing during this time and she conceded that she was uncertain whether defendant's employee heard her ask for help. Plaintiff also conceded that the entire incident happened very quickly. In our view, the foregoing circumstances do not give rise to an inference that defendant's employee was aware of plaintiff's predicament or her need for assistance.

Thus, we agree with Supreme Court that plaintiff failed to establish that defendant owed her a duty such that it may be held liable in negligence for the off-premises injuries sustained by her after leaving defendant's bar. Accordingly, Supreme Court properly dismissed the negligence cause of action against defendant.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.