■ ERROL JOHNSON et al., Appellants, v ROBERT BRUCE MCLANE ASSOCIATES, INC., et al., Respondents. (And a Third-Party Action.) [608 NYS2d 165] —Order, Supreme Court, Queens County (Joseph Lane, J.), entered on or about November 20, 1991, which granted the motion by defendant and third-party plaintiff Robert Bruce McLane Associates, Inc., doing business as McLane Associates and Rochdale Village, Inc. ("McLane") for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Errol Johnson, employed by third-party defendant Gouz, Inc. ("Gouz") as a night manager for a supermarket owned by Gouz, commenced the underlying negligence action against defendant McLane, which, pursuant to a written contract, dated September 15, 1986, had been retained by Gouz to provide uniformed security service at the supermarket premises, seeking to recover monetary damages for personal injuries sustained by the plaintiff, allegedly based upon defendant McLane's negligent provision of security, when, on October 31, 1986, he was shot by one of two armed gunmen during the commission of a robbery at the supermarket.

The IAS Court properly determined that plaintiffs failed to raise a triable issue of fact as to whether the plaintiff was an intended third-party beneficiary of the security contract between defendant McLane and third-party defendant Gouz, as to whether McLane had assumed a common law duty to protect the plaintiff, and as to whether McLane's negligence was the proximate cause of the plaintiff's injuries. The provisions of the parties' contract indicate that the parties thereto did not intend to confer a direct benefit upon the plaintiff, as an alleged third-party beneficiary, to protect him from physical injury (see, *Paradiso v Apex Investigators & Sec. Co.,* 91 AD2d 929, citing *Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938). In addition, the record reveals that neither McLane nor its unarmed security guards had, pursuant to contract or otherwise, assumed a duty to prevent armed robberies or to protect the plaintiff from physical injury inflicted by intervening, armed, third-party assailants (see, *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *cf., Sukhlal v American Home Prods. Corp.,* 163 AD2d 160), and the evidence establishes that the criminal action of the third party in shooting the plaintiff, rather than any negligence attributable to McLane, was the sole proximate cause of the plaintiff's injuries (see, *Paradiso v Apex Investigators & Sec. Co., supra; Nieves v Holmes Protection,* 56 NY2d 914, *affg* 88 AD2d 506).

We have reviewed plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.