■ YVONNE FARRELL, as Administratrix of the Estate of JAMES P. FARRELL, Deceased, Respondent-Appellant, v LAUTOB REALTY CORP., Defendant, and 860 BROADWAY CORPORATION, Doing Business as UNDERGROUND, et al., Appellants-Respondents. (Action No. 1.) RICHARD LYNCOOK, Respondent-Appellant, v 860 BROADWAY CORP., Doing Business as UNDERGROUND, et al., Appellants-Respondents, et al., Defendants. (Action No. 2.) RHODA WELLS, Individually and as Administratrix of the Estate of STEPHEN PLEASANTS, Deceased, Respondent-Appellant, v 860 BROADWAY CORP., Doing Business as UNDERGROUND, et al., Appellants-Respondents, et al., Defendants. (Action No. 3.) [656 NYS2d 912] —In three related actions to recover damages for personal injuries, etc., (1) the defendants 860 Broadway Corp., d/b/a Underground, Union Square Holdings, Inc., and Ronna Juliano appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 2, 1995, as denied that branch of their motion which was for summary judgment dismissing the plaintiffs' causes of action sounding in common-law negligence, and (2) the plaintiffs cross-appeal from (a) an order of the same court entered January 25, 1996, which granted the motion by the defendants 860 Broadway Corp., d/b/a Underground, Union Square Holdings, Inc., and Ronna Juliano for reargument and, upon reargument, granted that branch of the prior motion which was for summary judgment dismissing the plaintiffs' causes of action sounding in common-law negligence; and (b) a judgment of the same court, entered April 9, 1996, which dismissed the complaints insofar as asserted against the appellants-respondents.

Ordered that the appeal from the order dated May 2, 1995, is dismissed, as that order was superseded by the order entered January 25, 1996; and it is further,

Ordered that the cross appeals from the order entered January 25, 1996, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs payable by the respondents-appellants appearing separately and filing separate briefs.

The appeal from the order dated May 2, 1995, which denied that branch of the appellants-respondents' motion which was for dismissal of the plaintiffs' claims sounding in common-law negligence must be dismissed, because that order was superseded by the order entered January 25, 1996, which, upon reargument, granted the requested relief.

The cross appeals from the intermediate order entered January 25, 1996, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the cross appeals from the order are brought up for review and have been considered on the cross appeals from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court correctly held that it was not foreseeable that the allegedly excessive roughness of the appellants-respondents' personnel would result in the criminal acts of the defendant Osbourne Warner. Warner's criminal acts constituted a superseding cause of the plaintiffs' injuries as a matter of law (*see, Marianne OO. v C & M Tavern,* 180 AD2d 998; *Shire v Ferdinando,* 161 AD2d 573, 574). Accordingly, the complaints were properly dismissed as against the appellants-respondents. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.