■ DANIELLE DABBS et al., Respondents, v ARON SECURITY, INC., et al., Appellants, et al., Defendant. [784 NYS2d 601]—

In an action to recover damages for personal injuries, etc., the defendants Aron Security, Inc., and Arrow Security Patrols appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated September 17, 2003, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as asserted against the defendants Aron Security, Inc., and Arrow Security Patrols.

The infant plaintiff Shawna Dabbs and her sister, the plaintiff Danielle Dabbs (hereinafter collectively referred as the injured plaintiffs) sustained physical injuries when they were attacked by a fellow student in the courtyard of their school. The defendants Aron Security, Inc., and Arrow Security Patrols (hereinafter collectively referred to as the defendant security company) had a contract with the defendant Middle Country Central School District (hereinafter the District) to provide unarmed security service.

Under the express terms of the contract, the defendant security company agreed, inter alia, to "protect the physical facilities and the welfare of the students." The plaintiffs alleged, inter alia, that the defendant security company was negligent in failing to provide adequate security.

The defendant security company demonstrated that it did not owe a contractual or a common-law duty to protect the injured plaintiffs from physical injury or attack (*see Durham v Beaufort*, 300 AD2d 435 [2002]; *Haston v East Gate Sec. Consultants*, 259 AD2d 665 [1999]; *Buckley v I.B.I. Sec. Serv.*, 157 AD2d 645 [1990]). The defendant security company also demonstrated that the injured plaintiffs were not third-party beneficiaries of its contract to provide unarmed security service, as the contract did not contain any express provision that it would protect students from physical injury or attack (*see Haston v East Gate Sec. Consultants, supra*). As such, the defendant security company established its prima facie entitlement to summary judgment dismissing the complaint. In opposition to the cross motion, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted the cross motion of the defendant security company for summary judgment dismissing the complaint insofar as asserted against the defendant security company.

The defendant security company's remaining contention is academic in light of our determination. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.