■ MICHELLE K. et al., Respondents, v STONEHURST III Associates et al., Appellants. [854 NYS2d 753]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 5, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff Michelle K. allegedly was injured when she was attacked and sexually assaulted by an intruder in her apartment at a building complex owned by the defendants.

To recover damages from a property owner for injuries caused by criminal acts on the premises, a plaintiff must produce evidence that the owner knew or should have known of the probability of criminal conduct by third persons that was likely to endanger the safety of those lawfully on the premises (*see Jacqueline S. v City of New York,* 81 NY2d 288, 294-295 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520 [1980]). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law (*see Rodriguez v 1705 & 1715 Caton Assoc.,* 39 AD3d 617 [2007]), the plaintiffs failed to raise a triable issue of fact as to whether the defendants breached their duty to provide minimal precautions against

foreseeable criminal acts of third parties (*see Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]). The prior incidents at the building complex, including nonviolent offenses on the property such as a "peeping Tom," trespassers, and other nonspecified incidents requiring police intervention, were not sufficiently similar to the instant occurrence to raise a triable issue of fact regarding its foreseeability (*see Johnson v City of New York*, 7 AD3d 577, 578 [2004]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]). Moreover, the experts' affidavits submitted by the plaintiffs were insufficient to raise a triable issue of fact as to whether the defendants failed to take minimal security precautions, since the experts did not refer to relevant industry standards (*see Delgado v County of Suffolk*, 40 AD3d 575 [2007]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (*see Rodriguez v 1705 & 1715 Caton Assoc.*, 39 AD3d 617 [2007]). Miller, J.P., Covello, Eng and Chambers, JJ., concur.