■ CHRISTOPHER WALTON, Appellant, v MERCY COLLEGE et al., Respondents. [940 NYS2d 54]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered February 14, 2011, which, in an action for personal injuries sustained by plaintiff student as a result of an assault in his college dormitory room, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly awarded summary judgment in favor of defendants since the assault upon plaintiff was not foreseeable. The evidence of prior crimes at and near the subject dormitory did not make the assault of plaintiff foreseeable. These prior crimes were unlike the subject crime in that they did not include any crimes involving a gun, a home invasion, or violence related to drug trafficking (*see Maria T. v New York Holding Co. Assoc.*, 52 AD3d 356, 357-359 [2008], *lv denied* 11 NY3d 708 [2008]). Moreover, it was undisputed that the perpetrators of the attack were the signed-in invitees of another dormitory resident. Accordingly, as a matter of law, defendants cannot be held liable (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550-551 [1998]; *Schuster v Five G. Assoc., LLC*, 56 AD3d 260 [2008]).

Dismissal of the complaint as against defendant Allied Security, which contracted to provide security services, was also proper because it owed no duty directly to plaintiff. Allied's contract was for limited services, and expressly disavowed any obligation to third parties (*see Dabbs v Aron Sec., Inc.*, 12 AD3d 396, 397 [2004]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.