■ LEONARD BALESTRIERI, Appellant, v WASHINGTON 585, LLC, et al., Defendants, and OH'KAY CLEANING & MAINTENANCE, INC., Respondent. [964 NYS2d 641]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered February 10, 2012, which granted the motion of the defendant Oh'Kay Cleaning and Maintenance, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he slipped on a puddle of antifreeze on the floor of a warehouse leased by his employer, Federal Express, that was used to park trucks. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Oh'Kay Cleaning & Maintenance, Inc. (hereinafter Oh'Kay), which provided cleaning services to Federal Express.

" '[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Here, Oh'Kay demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that it owed no duty to the plaintiff by virtue of its contract with Federal Express to provide cleaning services at the subject premises (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Moreover, Oh'Kay demonstrated, prima facie, that none of the exceptions to the general rule applied, including that its contract with

Federal Express was not so comprehensive and exclusive that it entirely displaced Federal Express's duty to safely maintain the premises, and that it did not create or exacerbate the allegedly dangerous condition (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257; *Church v Callanan Indus.*, 99 NY2d at 111-112; *Benavides v 30 Brooklyn, LLC*, 96 AD3d 889, 890 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 215 [2010]; *Shang Sook Min v ABM, Inc.*, 47 AD3d 699, 700 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of Oh'Kay's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.