■ ERNESTO R. RAMIREZ, Respondent-Appellant, et al., Plaintiff, v DANIEL GENOVESE, Defendant, MANHATTANVILLE COLLEGE, Respondent, and SECURITAS SECURITY SERVICES USA, INCORPORATED, et al., Appellants. [986 NYS2d 220]—

In an action to recover damages for personal injuries, etc., the defendants Securitas Security Services USA, Incorporated, and Damon Jarrett appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated May 18, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on their cross claim against the defendant Manhattanville College for contractual indemnification, and granted that branch of the motion of the defendant Manhattanville College which was for summary judgment on its cross claim for contractual indemnification against them, and the plaintiff Ernesto R. Ramirez cross-appeals from so much of the same order as granted that branch of the motion of the defendant Manhattanville College which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Securitas Security Services USA, Incorporated, and Damon Jarrett which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendants Securitas Security Services USA, Incorporated, and Damon Jarrett which was for summary judgment on their cross claims against the defendant Manhattanville College for contractual indemnification, and substituting therefor a provision denying that branch of their motion as academic, and (3) by deleting the provision thereof granting that branch of the motion of the defendant Manhattanville College which was for summary judgment on its cross claim against Securitas Security Services USA, Incorporated, and Damon Jar-

rett for contractual indemnification, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff Ernesto R. Ramirez to the defendants Securitas Security Services USA, Incorporated, Damon Jarrett, and Manhattanville College, appearing separately and filing separate briefs.

The plaintiff Ernesto R. Ramirez (hereinafter the plaintiff), a taxicab driver, allegedly was injured as a result of an altercation with several students on the campus of Manhattanville College (hereinafter Manhattanville). The altercation allegedly was a result of a dispute over a taxicab fare, in which numerous Manhattanville students who had not been passengers in the plaintiff's taxicab, including the defendant Daniel Genovese, took part. The plaintiff alleged that the defendant Damon Jarrett, a security guard employed by Securitas Security Services USA, Incorporated (hereinafter Securitas), to work on the Manhattanville campus, did nothing to intervene in or stop the altercation when it became physical.

Securitas and Jarrett correctly contend that the court erred in denying that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. Securitas and Jarrett established their prima facie entitlement to judgment dismissing the complaint insofar as asserted against them. A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (*see Balestrieri v Washington 585, LLC*, 106 AD3d 764 [2013]; *492 Kings Realty, LLC v 506 Kings, LLC*, 105 AD3d 991 [2013]; *Romano v Village of Mamaroneck*, 100 AD3d 854 [2012]). Before an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him or her from physical injury (*see Kotchina v Luna Park Hous. Corp.*, 27 AD3d 696 [2006]; *Charleen F. v Cord Meyer Dev. Corp.*, 212 AD2d 572 [1995]; *Pagan v Hampton Houses*, 187 AD2d 325 [1992]).

The plaintiff here was not a third-party beneficiary of the contract between Securitas and Manhattanville, as the contract did not contain any express provision that it would protect individuals on the campus from physical injury or attack (*see Dabbs v Aron Sec., Inc.*, 12 AD3d 396 [2004]). Securitas and Jarrett did not assume a duty to exercise reasonable care to prevent harm to the plaintiff by virtue of its contractual duty to provide an unarmed security guard (*see Haston v East Gate Sec.*

*Consultants,* 259 AD2d 665 [1999]). Securitas did not assume a duty pursuant to the contract to prevent assaults, or to protect the plaintiff from physical injury inflicted by intervening third-party assailants (*see Johnson v McLane Assoc.,* 201 AD2d 436 [1994]). As such, Securitas and Jarrett established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the motion of Securitas and Jarrett which was for summary judgment dismissing the complaint insofar as asserted against them.

However, the court did not err in granting that branch of Manhattanville's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Manhattanville established its prima facie entitlement to judgment as a matter of law by showing that it had taken minimal security precautions against foreseeable criminal acts of third parties (*see Bryan v Crobar,* 65 AD3d 997 [2009]; *Michelle K. v Stonehurst III Assoc.,* 50 AD3d 639 [2008]; *Logan v 530 W. 28th St., L.P.,* 48 AD3d 430 [2008]), and that the assault on the plaintiff was unforeseeable (*see Ayeni v County of Nassau,* 18 AD3d 409 [2005]). The plaintiff failed to raise a triable issue of fact as to the precautions taken by Manhattanville or the foreseeability of the assault (*see Bryan v Crobar,* 65 AD3d 997 [2009]; *Michelle K. v Stonehurst III Assoc.,* 50 AD3d 639 [2008]; *Logan v 530 W. 28th St., L.P.,* 48 AD3d 430 [2008]).

The plaintiff's remaining contention is without merit.

In light of our determination, that branch of the motion of Securitas and Jarrett which was for summary judgment on their cross claim against Manhattanville for contractual indemnification, and that branch of Manhattanville's motion which was for summary judgment on its cross claim against Securitas and Jarrett for contractual indemnification, have been rendered academic (*see Tucci v Starrett City, Inc.,* 97 AD3d 811 [2012]; *Smith v New York City Hous. Auth.,* 71 AD3d 985 [2010]). Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.