■ John Garda, Respondent, v Paramount Theatre, LLC, Respondent, and Arrow Security, Inc., Appellant. [44 NYS3d 163]—

In an action to recover damages for personal injuries, the defendant Arrow Security, Inc., appeals from an order of the Supreme Court, Suffolk County (Hudson, J.), dated June 9, 2015, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs to the defendant-respondent.

In this action to recover damages for personal injuries, the plaintiff alleged that, on October 16, 2012, he was injured by an intoxicated patron, a nonparty identified as "John Doe," on premises owned by the defendant Paramount Theatre, LLC (hereinafter Paramount). Although the verified complaint and bill of particulars do not specify the precise nature of the plaintiff's employment, it is undisputed that the plaintiff was an employee of nonparty Blackbird Enterprises, LLC, an entity that purportedly operated Paramount's "VIP room." The plaintiff alleged that an additional entity, the defendant Arrow Security, Inc. (hereinafter Arrow), "was hired by [Paramount] to provide Security Services to patrons and the premises . . . including the alleyway located behind the building." The plaintiff further alleged that Arrow "called for" and "instructed" him to investigate, restrain, and/or detain John Doe, who was located in the rear alley of the premises. The plaintiff alleged that he entered the back alley, whereupon he was repeatedly struck and injured by John Doe. The plaintiff commenced this action asserting a cause of action sounding in negligence

against Paramount and Arrow, and a second cause of action against Paramount only alleging a violation of the Dram Shop Act (*see* General Obligations Law § 11-101).

Arrow moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, relying upon, inter alia, its contract to provide security services with nonparty Paramount Theatre Security, LLC (hereinafter Paramount Security). The contract provides, in relevant part: "It is expressly agreed and understood that this Contract is entered into for the sole mutual benefit of the parties hereto and that no benefit, right, duty or obligation is intended or created to extend to any third party whatsoever." The plaintiff and Paramount opposed Arrow's motion. The Supreme Court denied the motion, and Arrow appeals.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), "such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Nunez v Mohamed*, 104 AD3d 921, 922 [2013]).

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Although Arrow conclusively established through the submission of documentary evidence that it owed no contractual duty to protect the plaintiff, as the plaintiff was not an intended third-party beneficiary under Arrow's agreement to provide

security services to Paramount Security (*see Ramirez v Genovese*, 117 AD3d 930, 931 [2014]; *Mirza v Metropolitan Life Ins. Co.*, 2 AD3d 808, 809 [2003]), Arrow failed to conclusively establish that it owed no common-law duty to the plaintiff. To the contrary, the allegations in the complaint, viewed in the light most favorable to the plaintiff (*see Leon v Martinez*, 84 NY2d at 87-88), set forth a cognizable legal theory under which Arrow could be found to have assumed a duty of care to the plaintiff by calling for and instructing him to investigate, restrain, and/or detain the intoxicated John Doe (*see Mirza v Metropolitan Life Ins. Co.*, 2 AD3d at 809; *see also Wolf v City of New York*, 39 NY2d 568, 573 [1976]; *Gauthier v Super Hair*, 306 AD2d 850, 851 [2003]; *cf. Buckley v I.B.I. Sec. Serv.*, 157 AD2d 645, 645-646 [1990]). A duty of care may be assumed where a "defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing" (*Heard v City of New York*, 82 NY2d 66, 72 [1993]), or where a defendant's conduct "enhanced the risk that plaintiff faced, created a new risk or induced plaintiff to forego some opportunity to avoid risk" (*Gauthier v Super Hair*, 306 AD2d at 852 [internal quotation marks and brackets omitted]).

Accordingly, the Supreme Court properly denied Arrow's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.