Stenson v Genting N.Y., LLC (2020 NY Slip Op 03939)





Stenson v Genting N.Y., LLC


2020 NY Slip Op 03939


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-05759
 (Index No. 711212/15)

[*1]Latise Stenson, appellant,
v
Genting New York, LLC, respondent.


Ronald W. Ramirez (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Larry H. Lum, Elizabeth Scoditti, and Jessica Zemsky of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 12, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and a friend went to the Resorts World Casino in Jamaica, Queens. While they were drinking at a bar inside the casino, a man bought them a round of shots. The plaintiff's recollection of the events that occurred after she drank the shot is fragmented. However, it is undisputed that the plaintiff became intoxicated and ultimately left the casino with her friend and two men. The plaintiff's next recollection is waking up in a car while being sexually assaulted by the man who had bought the shots. The car was located in Forest Park, Queens.
The plaintiff commenced this action against the defendant, the owner of the casino, to recover damages for personal injuries she sustained in the assault. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it owed no duty of care to persons outside its premises. The Supreme Court granted the motion, and the plaintiff appeals.
A cause of action alleging negligence "must be founded upon a breach by a defendant of a legal duty owed to a plaintiff" (Del Bourgo v 138 Sidelines Corp., 208 AD2d 795, 796). "Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (Covelli v Silver Fist, Ltd., 167 AD3d 980, 980). "In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (id. at 980; see Kiely v Benini, 89 AD3d 807, 808). However, a landowner's duty is "limited to conduct on its premises, which it had the opportunity to control, and of which it was reasonably aware" (Del Bourgo v 138 Sidelines Corp., 208 AD2d at 796; see Covelli v Silver Fist, Ltd., 167 AD3d at 980; Marianne OO. v C & M Tavern, 180 AD2d 998, 999; cf. Walfall v Bartini's Pierre, Inc., 128 AD3d 685, 686).
Here, the defendant demonstrated, prima facie, that it did not owe a legal duty to the plaintiff with respect to her subsequent, off-premises sexual assault perpetrated by a man she met [*2]at a casino bar earlier in the evening (see Covelli v Silver Fist, Ltd., 167 AD3d at 980; Del Bourgo v 138 Sidelines Corp., 208 AD2d at 796; Marianne OO. v C & M Tavern, 180 AD2d at 999). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court