Forbes v Equity One Northeast Portfolio, Inc. (2023 NY Slip Op 00304)

Forbes v Equity One Northeast Portfolio, Inc.

2023 NY Slip Op 00304

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-00799
 (Index No. 619862/16)

[*1]Glenn Forbes, respondent-appellant,
v
Equity One Northeast Portfolio, Inc., appellant-respondent, U.S. Security Associates, Inc., respondent, et al., defendant.

Tromello & Fishman, Melville, NY (Kevin P. Slattery of counsel), for appellant-respondent.
Kujawski & Kujawski, Deer Park, NY (Mark Kujawski of counsel), for respondent-appellant.
Kennedys CMK LLP, New York, NY (Elizabeth J. Streelman of counsel), for respondent U.S. Security Associates, Inc.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (I. Elie Herman and Patrick J. Lawless of counsel), for defendant World Maintenance, LLC.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Equity One Northeast Portfolio, Inc., appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated January 2, 2020. The order, insofar as appealed from, denied that branch of the cross-motion of the defendant Equity One Northeast Portfolio, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendant U.S. Security Associates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant U.S. Security Associates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant U.S. Security Associates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Equity One Northeast Portfolio, Inc., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant U.S. Security Associates, Inc., payable by the plaintiff and the defendant Equity One Northeast Portfolio, Inc.
The plaintiff allegedly slipped and fell on black ice in the exterior parking lot of a strip mall. He asserted that the black ice that caused him to fall was approximately 10 to 15 feet in circumference. The plaintiff commenced an action to recover damages for personal injuries against the owner of the premises, Equity One Northeast Portfolio, Inc. (hereinafter Equity), and its alleged snow removal contractor, World Maintenance, LLC (hereinafter WM). The plaintiff subsequently commenced a separate action against U.S. Security Associates, Inc. (hereinafter USSE), a security vendor retained by Equity. The two actions were consolidated and the caption was amended accordingly.
USSE moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Equity cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated January 2, 2020, the Supreme Court, inter alia, granted that branch of USSE's motion and denied that branch of Equity's cross-motion. Equity appeals and the plaintiff cross-appeals.
A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence (see Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663; Wilson v Nassau Univ. Med. Ctr., 165 AD3d 1205, 1206-1207). "Accordingly, a property owner seeking summary judgment in a slip-and-fall case 'has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it'" (Wilson v Nassau Univ. Med. Ctr., 165 AD3d at 1207, quoting Castillo v Silvercrest, 134 AD3d 977, 977).
Here, Equity failed to submit sufficient evidence establishing, prima facie, that it did not have actual or constructive notice of the alleged black ice condition. Equity did not submit sufficient evidence establishing when the area at issue was last inspected prior to the accident, and triable issues of fact exist as to whether the alleged condition that caused the plaintiff to fall was visible and apparent and whether it had existed for a sufficient length of time before the accident such that it could have been discovered and corrected by Equity (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004-1005; Calabro v Harbour at Blue Point Home Owners Assn., Inc., 120 AD3d 462). Since Equity did not sustain its prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Further, the Supreme Court properly granted that branch of USSE's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, USSE established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by presenting evidence that the plaintiff was not a party to the security contract between USSE and Equity and none of the exceptions listed in Espinal applied to this case (see Dabbs v Aron Sec., Inc., 12 AD3d 396, 397; Bugiada v Iko, 274 AD2d 368; cf. Foster v Herbert Slepoy Corp., 76 AD3d 210, 213-216). In opposition, the plaintiff failed to raise a triable issue of fact.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.

2020-00799 DECISION & ORDER ON MOTION
Glenn Forbes, respondent-appellant,
v Equity One Northeast Portfolio, Inc.,
appellant-respondent, U.S. Security Associates, LLC,
respondent, et al., defendant.
(Index No. 619862/16)

Appeal and cross-appeal from an order of the Supreme Court, Suffolk County, dated January 2, 2020. Motion by World Maintenance, LLC, to strike the reply brief of Equity One Northeast Portfolio, Inc., or, in effect, to strike portions of the reply brief, on the ground that it raises arguments for the first time in reply. By decision and order on motion of this Court dated March 17, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers filed in opposition thereto, and upon the argument of the appeal and cross-appeal, it is
ORDERED that the motion is granted to the extent that Point I of the reply brief of Equity One Northeast Portfolio, Inc., is deemed stricken and has not been considered on the appeal, and the motion is otherwise denied.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court