Rivera v Sodexo, Inc. (2024 NY Slip Op 06071)

Rivera v Sodexo, Inc.

2024 NY Slip Op 06071

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-09438
2021-03548
 (Index Nos. 6532/12, 19003/12)

[*1]Evelyn Rivera, appellant 
v
Sodexo, Inc., respondent.

Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Timothy E. Shanley and Dean Pillarella of counsel), for respondent.

DECISION & ORDER
In related actions to recover damages for personal injuries, which were joined for discovery, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 24, 2020, and (2) an order of the same court dated April 27, 2021. The order dated November 24, 2020, granted the defendant's motion for summary judgment dismissing the complaints. The order dated April 27, 2021, insofar as appealed from, upon reargument, adhered to the determination in the order dated November 24, 2020, granting the defendant's motion for summary judgment dismissing the complaints.
ORDERED that the appeal from the order dated November 24, 2020, is dismissed, as that order was superseded by the order dated April 27, 2021, made upon reargument; and it is further,
ORDERED that the order dated April 27, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff, a former nurse technician employed by Wyckoff Heights Medical Center (hereinafter WHMC), commenced two separate actions against the defendant, Sodexo, Inc. (hereinafter Sodexo), to recover damages for personal injuries she allegedly sustained on WHMC's premises on two separate occasions. Pursuant to a management agreement between Sodexo and WHMC, Sodexo agreed to train, manage, and supervise certain employees of WHMC who were responsible for performing, inter alia, housekeeping and engineering services. The actions were subsequently joined for trial.
Sodexo moved for summary judgment dismissing the complaints. In an order dated November 24, 2020, the Supreme Court granted the motion. Thereafter, the plaintiff moved for leave to reargue her opposition to Sodexo's motion for summary judgment dismissing the complaints. In an order dated April 27, 2021, the court granted leave to reargue and, upon reargument, adhered to the prior determination granting Sodexo's motion. The plaintiff appeals.
"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party," such as the plaintiff here (Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 842). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 777, 779 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Verderosa v County of Suffolk, 226 AD3d 845, 846 [internal quotation marks omitted]).
Here, viewed in the light most favorable to the plaintiff, the complaints and the bills of particulars asserted the first and third Espinal exceptions (see Nesbitt v Advanced Serv. Solutions, 224 AD3d at 843). Sodexo established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it did not launch a force or instrument of harm (see Rodriguez v Propark Exec. Mgt. Co., LLC, 207 AD3d 584, 586; Lotz v Aramark Servs., Inc., 98 AD3d 602, 603) and that the management agreement was not so comprehensive and exclusive as to displace WHMC's duty to maintain the premises safely (see Cacciuottolo v Brown Harris Stevens Mgt., 197 AD3d 551, 552-553; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff contends that Sodexo assumed a duty of care in her favor because she was a third-party beneficiary of the management agreement between Sodexo and WHMC. However, the plaintiff was not a third-party beneficiary of the management agreement since it did not confer any immediate benefit on the plaintiff, as Sodexo agreed only to manage certain employees of WHMC, and any benefit the plaintiff received was incidental to that agreement (see Old Crompond Rd., LLC v County of Westchester, 201 AD3d 806, 808; Breen v Law Off. of Bruce A. Barket, P.C., 52 AD3d 635, 637). Even assuming that the plaintiff was a third-party beneficiary of the management agreement, Sodexo's alleged failure to perform its obligations pursuant to the management agreement would give rise only to a cause of action alleging breach of contract (see Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226), which the plaintiff has not asserted. In any event, "[b]efore an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him or her from physical injury" (Ramirez v Genovese, 117 AD3d 930, 931; see Nesbitt v Advanced Serv. Solutions, 224 AD3d at 842-843), which was plainly not intended by any fair reading of the management agreement.
Accordingly, the Supreme Court, upon reargument, properly adhered to the prior determination granting Sodexo's motion for summary judgment dismissing the complaints.
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court