Shepherd v Gallo Rest. of Patchogue, LLC (2025 NY Slip Op 07327)

Shepherd v Gallo Rest. of Patchogue, LLC

2025 NY Slip Op 07327

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-08640
 (Index No. 603356/19)

[*1]Kyle Shepherd, respondent-appellant, 
vGallo Restaurant of Patchogue, LLC, appellant-respondent, American Protection Bureau, Inc., defendant-respondent, et al., defendant.

Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York, NY (Michael P. McDermott and Lisa M. Fitzgerald of counsel), for appellant-respondent.
Palermo Law, PLLC, Hauppauge, NY (Steven J. Palermo of counsel), for respondent-appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Daniel O. Dietchweiler of counsel), for defendant-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Gallo Restaurant of Patchogue, LLC, appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 26, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendant Gallo Restaurant of Patchogue, LLC, which were for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it or, in the alternative, on its cross-claim for contractual indemnification asserted against the defendant American Protection Bureau, Inc., and granted that branch of the motion of the defendant American Protection Bureau, Inc., which was for summary judgment dismissing the cross-claim for contractual indemnification asserted against it by the defendant Gallo Restaurant of Patchogue, LLC. The order, insofar as cross-appealed from, granted those branches of the separate motions of the defendants Gallo Restaurant of Patchogue, LLC, and American Protection Bureau, Inc., which were for summary judgment dismissing the causes of action alleging negligence insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant American Protection Bureau, Inc., payable by the plaintiff and the defendant Gallo Restaurant of Patchogue, LLC.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was assaulted by unidentified individuals on a public sidewalk in front of an establishment owned and operated by the defendant Gallo Restaurant of Patchogue, LLC (hereinafter Gallo), in Patchogue. The defendant American Protection Bureau, Inc. (hereinafter American), provided security services at the establishment pursuant to a contract with Gallo. The plaintiff asserted causes of action against Gallo and American, and another defendant, alleging negligence and a violation of General Obligations Law § 11-101, known as the Dram Shop Act. [*2]Gallo interposed an answer asserting, inter alia, a cross-claim for contractual indemnification against American.
Following the completion of discovery, Gallo moved for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, on its cross-claim for contractual indemnification against American. American moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated October 26, 2021, the Supreme Court, among other things, denied those branches of Gallo's motion which were for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it or, in the alternative, on its cross-claim for contractual indemnification against American, granted that branch of American's motion which was for summary judgment dismissing Gallo's cross-claim for contractual indemnification insofar as asserted against it, and granted those branches of the motions of Gallo and American which were for summary judgment dismissing the causes of action alleging negligence insofar as asserted against each of them. Gallo appeals, and the plaintiff cross-appeals.
The Supreme Court properly denied that branch of Gallo's motion which was for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it. "'To establish a cause of action under the Dram Shop Act, a plaintiff is required to prove that the defendant sold alcohol to a person who was visibly intoxicated and that the sale of that alcohol bore some reasonable or practical connection to the resulting damages'" (Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137, quoting Pinilla v City of New York, 136 AD3d 774, 776-777; see General Obligations Law § 11-101[1]; Alcohol Beverage Control Law § 65[2]; Giordano v Zepp, 163 AD3d 781, 781-782). "Consequently, for a defendant to establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action under the Dram Shop Act, it is required to establish either that it did not serve alcohol to the person while he or she was visibly intoxicated or that its sale of alcohol to him or her had no reasonable or practical connection to the resulting damages" (Flynn v Bulldogs Run Corp., 171 AD3d at 1137; see Giordano v Zepp, 163 AD3d at 781-782). Here, Gallo failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of the Dram Shop Act insofar as asserted against it (see Filc v 221 Someplace Else, Ltd., 219 AD3d 1487, 1488). Gallo cannot sustain its burden by pointing to gaps in the plaintiff's proof (see Aguilar v Reback, 226 AD3d 631, 633).
The Supreme Court properly granted that branch of Gallo's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. "A cause of action alleging negligence must be founded upon a breach by a defendant of a legal duty owed to a plaintiff" (Stenson v Genting N.Y., LLC, 185 AD3d 864, 864 [internal quotation marks omitted]; see Garda v Paramount Theatre, LLC, 145 AD3d 964, 965). Landowners "'have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control'" (Stenson v Genting N.Y., LLC, 185 AD3d at 864, quoting Covelli v Silver Fist, Ltd., 167 AD3d 980, 980). Under this rationale, a landowner may be responsible for injuries caused by an intoxicated guest (see D'Amico v Christie, 71 NY2d 76, 85; Filc v 221 Someplace Else, Ltd., 219 AD3d at 1489). "However, liability may be imposed only for injuries that occurred on a defendant's property, or in an area under the defendant's control, where the defendant had the opportunity to supervise the intoxicated guest and was reasonably aware of the need for such control" (Filc v 221 Someplace Else, Ltd., 219 AD3d at 1489; see Covelli v Silver Fist, Ltd., 167 AD3d at 980).
Here, Gallo established, prima facie, that the incident at issue occurred in an area outside of Gallo's control and, therefore, that it owed no duty to the plaintiff to supervise or control individuals in that area (see Covelli v Silver Fist, Ltd., 167 AD3d at 980; Ballo v AIMCO 2252-2258 ACP, LLC, 155 AD3d 582, 582; Candelaria v Lake & Morningside Props., Inc., 71 AD3d 941, 942; White v Celebrity Lounge, 215 AD2d 650; cf. Carver v P.J. Carney's, 103 AD3d 447). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of American's motion which [*3]was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it. The plaintiff alleges that American owed him a duty of care because he was a third-party beneficiary of American's contract to provide security services to Gallo. "[B]efore an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him or her from physical injury" (Rivera v Sodexo, Inc., 233 AD3d 721, 724 [internal quotation marks omitted]; see Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697). Here, American established, prima facie, that it owed no contractual duty to protect the plaintiff, as the plaintiff was not an intended third-party beneficiary under American's contract with Gallo (see Garda v Paramount Theatre, LLC, 145 AD3d at 964-965; Ramirez v Genovese, 117 AD3d 930, 931-932). Moreover, even if the plaintiff were a third-party beneficiary of American's contract with Gallo, American's alleged failure to perform its obligations pursuant to the contract would give rise only to a cause of action alleging breach of contract (see Rivera v Sodexo, Inc., 233 AD3d at 723). In opposition, the plaintiff failed to raise an issue of fact.
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court